1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN BURKE, an individual and personal representative of the Estate of Kevin Burke, and GARY BURKE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:20-cv-01647-RGK-SHK<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon. Judge R. Gary Klausner<br>Hon. Judge Shashi H. Kewalramani |

# PROTECTIVE ORDER

WHEREAS, Plaintiffs Colleen Burke, an individual and personal representative of the Estate of Kevin Burke, and Gary Burke, an individual, and Defendants Lockheed Martin Company and The Boeing Company (collectively "the Parties") contemplate that discovery in the above-captioned action (the "Action") will involve the exchange of information, and the production of documents or other materials by the Parties and certain third-parties (to include the U.S. Government), which may contain information in the nature of personal information, trade secrets, export-controlled information or documents, or information otherwise of confidential, regulated, or proprietary nature that are in the possession, custody, or control of one of the Parties or a third-party; and

WHEREAS, in order to establish procedures that would, among other things, protect the Parties from public disclosure of such confidential, trade secret, or export-controlled information or documents, the Parties agree to limit the disclosure and dissemination of such materials that are in the possession, custody, or control of one of the Parties or a third-party, while at the same time allowing the Parties to obtain discovery thereof under the terms and conditions set forth below; and

WHEREAS, a protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential or regulated information, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of material worthy of protection;

IT IS HEREBY ORDERED THAT:

1.　　Scope and Application of Protective Order. This Protective Order shall govern any document, information or other material that is designated as "Confidential Information", "Export Controlled Information" or "Attorneys' Eyes Only Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing Party"), whether in response to a discovery request, subpoena or otherwise, to any other person or entity (the "receiving Party") regardless of whether the person or entity producing or receiving any document, information or other material that is designated as "Confidential Information", "Export Controlled Information" and/or "Attorneys' Eyes Only Information" is a Party to this litigation.

2.　　Definitions.

2.1. Confidential Information. "Confidential Information" shall mean and include, without limitation, any information that concerns or relates to private, confidential and proprietary information, including but not limited to personally identifiable information; confidential medical or employment information; trade secrets; non-public commercial, financial, engineering, pricing, budgeting and/or accounting information; non-public information about existing and potential customers; marketing studies, performance and projections; nonpublic business strategies, decisions and/or negotiations; personnel compensation, evaluations and other employment information; and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the Parties have or have had business relationships. A protective order is warranted, and there is good cause for such treatment for these categories of information because such information

derives value from not being publicly known, and public disclosure of such information would lead to serious and unwarranted injury.

2.2. Export Controlled Information. "Export Controlled Information" shall mean information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.* Such information may be contained in documents that may be produced in this case related to dual use commodities, technology, or software, or defense articles. A protective order is warranted, and there is good cause for special treatment of these categories of information because federal law subjects such information to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.

2.3. Attorneys' Eyes Only Information.  "Attorneys' Eyes Only Information" shall mean Confidential Information that is so competitively sensitive that it could cause competitive harm to the producing Party if disclosed to any Party in this action.

2.4. Documents. As used herein, the term "documents" includes all writings, records, files, drawings, graphs, charts, photographs, e-mails, video tapes, audio tapes, compact discs, electronically stored information, electronic messages, other data compilations from which information can be obtained and other tangible things subject to production under the Federal Rules of Civil Procedure.

3.     Initial Designation.

3.1. Good Faith Claims. Claims of confidentiality, export controlled status, or attorneys' eyes only status will be made only with respect to documents, other tangible things, electronically stored information, and information that the asserting Party has a good faith belief are within the definitions set forth in subparagraphs 2.1, 2.2, or 2.3 of this Protective Order. Objections to such claims

1  made pursuant to paragraph 5 shall also be made only in good faith.

2  　　　　3.2. Produced Documents. A Party producing documents that it believes

3  constitute or contain Confidential Information, Export Controlled Information, or

4  Attorneys' Eyes Only Information shall produce copies bearing a label that contains

5  or includes language substantially identical to the following:

6
7  > CONFIDENTIAL: Subject to Protective Order in Case No. 5:20-cv-01647-RGK-SHK in the Central District of California

8  　　　or

9
10 > EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 5:20-cv-01647-RGK-SHK in the Central District of California

11

12 　　　or

13
14 > ATTORNEYS' EYES ONLY INFORMATION: Subject to Protective Order in 5:20-cv-01647-RGK-SHK in the Central District of California

15 　　　or

16
17 > CONFIDENTIAL AND EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 5:20-cv-01647-RGK-SHK in the Central District of California

18

19 　　　or

20
21 > ATTORNEYS' EYES ONLY AND EXPORT CONTROLLED INFORMATION: Subject to Protective Order in Case No. 5:20-cv-01647-RGK-SHK in the Central District of California

22

23 　　　The label shall be affixed in a manner that does not obliterate or obscure the

24 contents of the copies. If any person or Party makes copies of documents designated

25 as containing Confidential, Export Controlled, or Attorneys' Eyes Only Information,

26 the copying person or Party shall mark each such copy as containing Confidential,

27 Export Controlled, or Attorneys' Eyes Only Information in the same form as the

28

1   notice on the original document.

2        A Party producing documents that are stored on electronic, magnetic, optical or

3   other non-paper media, such as compact discs, DVD's, video tapes and audio tapes

4   (collectively, "data storage devices") shall designate the data storage device as

5   containing Confidential, Export Controlled, or Attorneys' Eyes Only Information, by

6   affixing a label or stamp to the data storage device in the manner described above at

7   the time copies of such data storage devices are produced. If the receiving Party or

8   other persons or entities to whom disclosure is authorized pursuant to subparagraphs

9   7.1, 8.1, and 9.1 makes a copy of any data storage device designated by the producing

10  Party as containing Confidential, Export Controlled, or Attorneys' Eyes Only

11  Information, the receiving Party or other authorized person shall mark each such copy

12  as containing Confidential, Export Controlled, or Attorneys' Eyes Only Information

13  in the same form as the notice on the original data storage device produced. If the

14  receiving Party or other authorized person prints out or otherwise makes copies of

15  the documents or information stored on such data storage device, the receiving Party

16  or other authorized person shall mark each page so copied with the label or stamp

17  specified in subparagraph 3.2.

18        The Parties have a responsibility to ensure that Export Controlled Information

19  in their possession, custody or control is not made public. To prevent public disclosure

20  of Export Controlled Information, the Parties agree to follow the procedure outlined

21  in this paragraph before any document is "exported," as that term is described in 15

22  C.F.R. § 730.5(c) or 22 C.F.R. § 120.17, or otherwise made public. All Export

23  Controlled Information will be furnished by U.S. Persons as defined by U.S. export

24  control laws and regulations (hereafter "U.S. Persons") directly to counsel. Counsel

25  hereby certifies that they and their personnel who receive Export Controlled

26  Information are and will be U.S. Persons, that they will store all Export Controlled

27  Information in a manner such that access is restricted only to U.S. Persons, and that

28

250917219v.1

no Export Controlled Information will be physically transported outside U.S. territory. Before furnishing any document (including any Export Controlled Information, any written discovery, and any deposition transcript) to a non-U.S. Person, including by publicly filing the document with the Court, counsel shall determine whether the document bears a label indicating that such document contains Export Controlled Information. Counsel may seek assistance from counsel for the producing Party regarding Export Control designations, in which case counsel for the producing Party shall provide the requested determination within ten (10) business days, or as soon as reasonably possible under the circumstances. If a particular document is determined to contain Export Controlled Information, counsel for the Parties shall take all steps necessary to ensure that the document or information is used and accessed in accordance with the EAR, 15 C.F.R. §§ 730, *et seq*., and/or ITAR, 22 C.F.R. §§ 120, *et seq*., and disclosed only to U.S. Persons or as otherwise permitted under U.S. law.

3.3. Inspections of Documents. In the event a Party elects to produce files and records for inspection and the requesting Party elects to inspect them, no designation of Confidential, Export Controlled, or Attorneys' Eyes Only Information needs to be made in advance of the inspection, with the understanding that the inspecting Party must be authorized to view such documents under the EAR and/or ITAR. For purposes of such inspection, all material produced shall be considered as Confidential, Export Controlled, or Attorneys' Eyes Only Information. If the inspecting Party selects specified documents to be copied, the producing Party shall designate Confidential, Export Controlled, or Attorneys' Eyes Only Information in accordance with subparagraph 3.2 at the time the copies are produced.

3.4. Deposition Transcripts. No person except those permitted access to Confidential, Export Controlled, or Attorneys' Eyes Only Information by this Order can attend depositions when Confidential, Export Controlled, or Attorneys' Eyes Only Information is disclosed. Within 15 days after the receipt of a deposition

transcript, a Party may inform the other Parties to the Action if the transcript or portions of it are designated as Confidential, Export Controlled, or Attorneys' Eyes Only Information. Until such time has elapsed, deposition transcripts in their entirety are to be considered as Attorneys' Eyes Only, Export Controlled Information. All persons and Parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential, Export Controlled, or Attorneys' Eyes Only Information.

3.5. Multipage Documents. A Party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential, Export Controlled, or Attorneys' Eyes Only Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a Party wishes to designate only certain portions of an integrated, multipage document as Confidential, Export Controlled, or Attorneys' Eyes Only Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential, Export Controlled, or Attorneys' Eyes Only Information.

4.     Designations by Another Party.

4.1. Notification of Designation. If a Party other than the producing Party believes that a producing Party has produced a document that contains or constitutes Confidential, Export Controlled, or Attorneys' Eyes Only Information of the non-producing Party, the non-producing Party may designate the document as Confidential, Export Controlled, or Attorneys' Eyes Only Information by so notifying all Parties in writing within 120 days of service of the document.

4.2. Return of Documents. Whenever a Party other than the producing Party designates a document produced by a producing Party as Confidential, Export Controlled, or Attorneys' Eyes Only Information in accordance with subparagraph

4.1, each Party receiving the document shall either add the Confidential, Export Controlled, or Attorneys' Eyes Only Information designation in accordance with subparagraph 3.2 or substitute a copy of the document bearing such designation for each copy of the document produced by the producing Party. Each Party shall destroy all undesignated copies of the document or return those copies to the producing Party, at the direction of the producing Party.

4.3. Nondisclosure. No Party shall disclose a produced document to any person, other than the persons authorized to receive Confidential, Export Controlled, or Attorney's Eyes Only Information under subparagraphs 7.1, 8.1, or 9.1, until after the expiration of the 120 day designation period specified in subparagraph 4.1.  If a Party discloses an undesignated document to a person unauthorized to receive Confidential, Export Controlled, or Attorneys' Eyes Only Information under subparagraphs 7.1, 8.1, and 9.1, and that document is subsequently designated as Confidential, Export Controlled, or Attorneys' Eyes Only Information in accordance with subparagraph 4.1, the disclosing Party shall cause all copies of the document to be destroyed or returned to the producing Party, at the direction of the producing Party. The Party may thereafter disclose a copy of the document that has been marked as Confidential, Export Controlled, or Attorneys' Eyes Only Information by the designating Party, in accordance with subparagraphs 3.2, 7.1, 8.1, and 9.1.

5.    Objections to Designations.

5.1. Notice of Objection. Any Party objecting to a designation of Confidential, Export Controlled, or Attorneys' Eyes Only Information, including objections to portions of designations of multipage documents, shall notify the designating Party and all other Parties of the objection in writing. This notice must specifically identify each document that the objecting Party in good faith believes should not be designated as Confidential, Export Controlled, or Attorneys' Eyes Only Information and provide a brief statement of the grounds for such belief.

5.2. Conference Regarding Objection. The Parties with an interest in the resolution of the objection shall confer within 10 days after the date of such objection in an attempt to resolve their differences, unless the Parties agree to a longer time. If the Parties are unable to resolve their differences, the objecting Party shall have 21 days after the conference concludes to file with the Court a motion to remove the Confidential, Export Controlled, or Attorneys' Eyes Only Information designation. If an objection is served within 42 days of trial, the objecting Party must file its motion to remove the Confidential, Export Controlled, or Attorneys' Eyes Only Information designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened accordingly. If an objecting Party elects not to make such a motion with respect to documents, information or other materials to which an objection has been made, the objection shall be deemed withdrawn.

5.3. Treatment after Objection Is Raised. All documents, information and other materials initially designated as Confidential, Export Controlled, or Attorneys' Eyes Only Information shall be treated as Confidential, Export Controlled, or Attorneys' Eyes Only Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential, Export Controlled, or Attorneys' Eyes Only Information designation should not be maintained as to a particular document, the producing Party shall, upon written request by a Party, provide that Party a copy of that document without the Confidential, Export Controlled, or Attorneys' Eyes Only Information designation described in subparagraph 3.2.

6.    Custody. All Confidential, Export Controlled, or Attorneys' Eyes Only Information and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving Party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraphs 7.1, 8.1, and 9.1.

1          7.      Handling of Confidential Information Prior to Trial.

2              7.1. Authorized Disclosures. Confidential Information shall be

3    disclosed by the receiving Party only to the following persons:

4          (a)    Counsel for the Parties in this litigation, including their

5    associates, clerks, paralegals, and secretarial personnel;

6          (b)    Qualified persons taking testimony involving such

7    Confidential and/or Export Controlled Information in this litigation, and necessary

8    stenographic, videotape and clerical personnel;

9          (c)    Actual and potential deposition and trial witnesses in this

10   Action;

11         (d)    Experts and their staff who are consulted by counsel for a

12   Party in this litigation;

13         (e)    Parties to this Action, limited to the named Party and, if

14   that Party is a corporate entity, a limited number of employees of the corporate entity

15   and its insurers;

16         (f)    In-house counsel and a limited number of assistants,

17   administrative or otherwise;

18         (g)    Any mediator or other neutral appointed by the Court or

19   chosen by the parties;

20         (h)    Outside vendors employed by counsel for copying,

21   scanning and general handling of documents; and

22         (i)    The Court hearing this Action and the Court's staff, subject

23   to the Court's processes for filing materials under seal.

24         Such disclosures are authorized only to the extent necessary to investigate,

25   prosecute, or defend the litigation. With respect to Export Controlled Information,

26   the persons in categories (a)-(i) must be U.S. Persons or otherwise permitted access

27   to such information under U.S. law.

28

7.2. Acknowledgement of Protective Order. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c), (d), or (g) until the receiving Party has obtained a written acknowledgment from the person receiving Confidential Information, in the form of the Declaration attached hereto as Exhibit "A", that he or she has received a copy of this Order and has agreed to be bound by it. A Party who discloses Confidential Information in accordance with subparagraphs 7.1(c), (d), or (g) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving Party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request or order. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7.3. Disclosure to Competitors. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating Party, the Party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14 day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized unless and until the Court orders otherwise. For purposes of this Protective Order, "competitor" is defined as any person or entity (other than the Parties) that designs, manufactures, assembles or supplies products to or for the market(s) served by the designating Party ("competitive products") or components of competitive products.

7.4    Unauthorized Disclosures. All persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential

Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party or person responsible for the disclosure, and any other Party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating Party. Without prejudice to other rights and remedies of the designating Party, the responsible Party or person shall make every effort to obtain the return of the Confidential Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

7.5. Court Filings. Before filing with the Court any documents containing Confidential Information, the filing Party shall move or the Parties may stipulate pursuant to L.R. 79-5 to file such documents under seal, and the documents shall be filed under seal pending further order of Court.

8.    Handling of Export Controlled Information Prior to Trial

8.1. The Parties have a responsibility to ensure that Export Controlled Information in their possession, custody or control is used in accordance with the EAR, 15 C.F.R. §§ 730, et seq., and/or ITAR, 22 C.F.R. §§ 120, et seq. To prevent unauthorized use of Export Controlled Information, the parties agree to follow the procedure outlined in this paragraph.

(a)    Export Controlled Information disclosed in this Action will be used only for the purposes of this Action.

(b)    Counsel or other individuals authorized to received Export Controlled Information will not disclose, export, or transfer, in any manner, Export Controlled Information to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.

(c)    Before disclosing any Export Controlled Information to any person, counsel shall require such third person to execute a Non-Disclosure Agreement in the form attached hereto as Exhibit "B".

(d)    Before filing with the Court any documents containing Export Controlled Information, the filing Party shall move or the Parties may stipulate pursuant to L.R. 79-5 to file such documents under seal, and the documents shall be filed under seal pending further order of Court.

8.2. Access to Export Controlled Information. The Parties and the Court have a responsibility to ensure that access to Export Controlled Information in their possession, custody or control is restricted to authorized persons in accordance with the EAR, 15 C.F.R. §§ 730, et seq., and/or ITAR, 22 C.F.R. §§ 120, et seq. To prevent unauthorized access of Export Controlled Information, the Parties agree to follow the procedure outlined in this paragraph.

(a)    All documents containing Export Controlled Information shall be placed in a secure file or room with access limited to those persons identified in paragraphs 6 and 7 of this Protective Order who are U.S. Persons.

(b)    If documents containing Export Controlled Information are scanned and stored in a computer, access to such electronic files shall be limited to those persons identified in subparagraph 7.1 of this Protective Order who are U.S. Persons.

(c)    In the event that counsel or another individual authorized to receive Export Controlled Information anticipates that Export Controlled Information will be disclosed to the Court (other than pursuant to subparagraph 8.1(d)), including at any hearing or at trial, the Parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation.

9.    Handling of Attorneys' Eyes Only Information Prior to Trial.

9.1. Authorized Disclosures. Attorneys' Eyes Only Information shall be disclosed by the receiving Party only to the following persons:

(a)   Counsel of record for the Parties in this litigation, including their associates, clerks, paralegals, and secretarial personnel, as well as each Party's in-house counsel involved with this matter, including their paralegals, assistants, and secretarial personnel;

(b)   Qualified persons taking testimony involving such Confidential, Export Controlled, or Attorneys' Eyes Only Information in this litigation, and necessary stenographic, videotape and clerical personnel;

(c)   Experts and their staff who are consulted by counsel for a Party in this litigation (excluding any experts known to be regularly employed or engaged by a current or prospective competitor of the Party or non-party that designated the material);

(d)   Specific employees of the Parties or their affiliates to whom counsel deem it essential to show a document designated Attorneys' Eyes Only Information as part of the prosecution or defense of the case, *provided that* (1) counsel advises opposing counsel in writing what Attorneys' Eyes Only Information will be shown to which individual employee; (2) counsel does not transmit a copy of that document to the identified employee, but instead shows the document to the specified employee at an in-person meeting and takes the document away from the employee when the in-person meeting is concluded; and (3) the employee, prior to being shown the document, signs the Non-Disclosure Agreement attached hereto as Exhibit "A";

(e)   Outside vendors, including but not limited to professional electronic discovery services, employed by counsel for copying, scanning and general handling of documents;

(f)     The Court hearing this Action and the Court's staff, subject to the Court's processes for filing materials under seal;

(g)     Any mediator or other neutral appointed by the Court or chosen by the parties; and

(h)     Any other person on such terms and conditions as the Parties may mutually agree, or as the Court may hereafter direct by further order.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation. With respect to Export Controlled Information, the persons in categories (a)-(h) must be U.S. Persons or otherwise permitted access to such information under U.S. law.

9.2. Acknowledgement of Protective Order. Attorneys' Eyes Only Information may not be disclosed to persons under subparagraphs 9.1(c), (e), (g), or (h) until the receiving Party has obtained a written acknowledgment from the person receiving Attorneys' Eyes Only Information, in the form of the Declaration attached hereto as Exhibit "A", that he or she has received a copy of this Order and has agreed to be bound by it. A Party who discloses Attorneys' Eyes Only Information in accordance with subparagraphs 9.1(c), (e), (g), or (h) shall retain the written acknowledgment from each person receiving Attorneys' Eyes Only Information, shall maintain a list of all persons to whom a receiving Party has disclosed Attorneys' Eyes Only Information, and shall furnish the written acknowledgements and disclosure list to the Court for in camera review upon its request or order. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

9.3. Unless otherwise agreed or as provided in this Order, Parties to this action are not permitted access to the other Party's documents or information marked as Attorneys' Eyes Only Information.

9.4 All Attorneys' Eyes Only Information disclosed or furnished to persons pursuant to this terms of this Order shall be treated by such persons as constituting Attorneys' Eyes Only Information, held by such persons in the strictest confidence, and not divulged by such person, either verbally or in writing, to any other person except those categories of persons identified in subparagraphs 9.1(a)-(h) above for purposes associated with the litigation.

9.5 Unauthorized Disclosures. All persons receiving Attorneys' Eyes Only Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Attorneys' Eyes Only Information. If Attorneys' Eyes Only Information is disclosed to any person other than in the manner authorized by this Protective Order, the Party or person responsible for the disclosure, and any other Party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating Party. Without prejudice to other rights and remedies of the designating Party, the responsible Party or person shall make every effort to obtain the return of the Attorneys' Eyes Only Information and to prevent further disclosure on its own part or on the part of the person who was the unauthorized recipient of such information.

9.6. Court Filings. Before filing with the Court any documents containing Attorneys' Eyes Only Information, the filing Party shall move or the Parties may stipulate pursuant to L.R. 79-5 to file such documents under seal, and the documents shall be filed under seal pending further order of Court.

10.   Care in Storage. Any person in possession of Confidential, Export Controlled, or Attorneys' Eyes Only Information produced by another Party shall exercise reasonable and appropriate care with regard to the storage, custody, copying, and use of the Confidential, Export Controlled, or Attorneys' Eyes Only Information to ensure that the confidential and sensitive nature of same is maintained.

1    11.    Handling during Trial. Confidential, Export Controlled, or Attorneys'
2    Eyes Only Information that is subject to this Order may be marked and used as trial
3    exhibits by either Party, subject to terms and conditions as imposed by the Court upon
4    application by any Party.

5    12.    Inadvertent Failure to Designate as Confidential, Export Controlled, or
6    Attorneys' Eyes Only Information. The inadvertent and/or unintentional failure to
7    designate any information as Confidential, Export Controlled, or Attorneys' Eyes
8    Only Information in accordance with this Protective Order shall not be deemed a
9    waiver in whole, or in part, of a Party's claim of confidentiality, status as export
10   controlled, or status as attorneys' eyes only. In the event of the failure to designate
11   such information, the information shall be designated as Confidential, Export
12   Controlled, or Attorneys' Eyes Only Information by the Party as soon as reasonably
13   possible after the Party becomes aware of the disclosure and such information shall
14   thereafter be treated as Confidential, Export Controlled, or Attorneys' Eyes Only
15   Information subject to this Protective Order. No liability shall attach to any Party's
16   disclosure of such information from the time of receipt of the information until such
17   time as the Party properly designates it as Confidential, Export Controlled, or
18   Attorneys' Eyes Only Information.

19   13.    Inadvertent Disclosure of Privileged Documents or Information.

20   13.1. Inadvertently Produced Document. For purposes of paragraph 13
21   of this Protective Order, an "Inadvertently Produced Document" is a document
22   produced to a Party in this litigation that could have been withheld, in whole or in
23   part, based on a legitimate claim of attorney-client privilege, work-product
24   protection, or other applicable privilege.

25   13.2. No Waiver of Privileges or Rights. Inclusion of any Inadvertently
26   Produced Document in a production shall not result in the waiver of any privilege or
27   protection associated with such document, nor result in a subject matter waiver of

28

1    any kind.

2            13.3. Notice of Inadvertently Produced Document. A producing Party

3    may demand the return of any Inadvertently Produced Document, which demand

4    shall be made to the receiving Party's counsel in writing and shall contain

5    information sufficient to identify the Inadvertently Produced Document. In addition,

6    a Party which determines that it may have received an Inadvertently Produced

7    Document shall immediately notify the producing Party of the inadvertent disclosure.

8    The producing Party may then provide notice of the inadvertent disclosure to the

9    receiving Party.

10           13.4. Response to Inadvertently Produced Document. Upon receipt of a

11   written demand for return of an Inadvertently Produced Document, the receiving

12   Party shall immediately return the Inadvertently Produced Document (and any copies

13   thereof) to the producing Party and shall immediately delete all electronic versions

14   of the document and all notes or other work product reflecting the contents of such

15   material. The Parties agree that no copies shall be made of the Inadvertently Produced

16   Documents.

17           13.5. Objection to Designation. The receiving Party may object to the

18   producing Party's designation of an Inadvertently Produced Document by providing

19   written notice of such objection within 5 business days of its receipt of a written

20   demand for the return of an Inadvertently Produced Document. The Parties shall

21   confer within 10 days after the date of such objection in an attempt to resolve their

22   differences, unless the Parties agree to a longer time. If the Parties are unable to

23   resolve their differences, the objecting Party shall have 21 days after the conference

24   concludes to file with the Court a motion. Any such motion shall be resolved by the

25   Court after an in camera review of the Inadvertently Produced Document. Pending

26   resolution of the matter by the Court, the Parties shall not use any documents that are

27   claimed to be Inadvertently Produced Documents in this litigation.

28

14.    No Implied Waivers. The entry of this Protective Order shall not be interpreted as a waiver of the right to object, under applicable law, to the furnishing of information in response to discovery requests or to object to a requested inspection of documents or facilities. Parties producing Confidential, Export Controlled, or Attorneys' Eyes Only Information in this litigation are doing so only pursuant to the terms of this Order. Neither the agreement to, or the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this Action, or any other actions.

15.    No Admission. Neither this Order nor the designation of any item as Confidential, Export Controlled, or Attorneys' Eyes Only Information shall be construed as an admission that such material, or any testimony concerning such material, would be admissible in evidence in this litigation or in any other proceeding.

16.    Parties' Own Documents. This Protective Order shall in no way restrict the Parties in their use of their own documents and information, and nothing in this Order shall preclude any Party from voluntarily disclosing its own documents or information.

17.    Motion to Compel Production of Confidential, Export Controlled, or Attorneys' Eyes Only Information. If any third-party moves to compel a Party to this Action to produce any Confidential, Export Controlled, or Attorneys' Eyes Only Information, such Party shall immediately notify the Parties who originally produced and/or designated such Confidential, Export Controlled, or Attorneys' Eyes Only Information that a motion has been made in order to allow the Parties who originally produced and/or designated such Confidential, Export Controlled, or Attorneys' Eyes Only Information the opportunity to oppose the motion. In addition, if a Party is ordered to produce Confidential, Export Controlled, or Attorneys' Eyes Only Information covered by this Protective Order, notice and, if available, a copy of the

order compelling disclosure shall immediately be given the Parties who originally produced and/or designated such Confidential, Export Controlled, or Attorneys' Eyes Only Information. Nothing in this Agreed Confidentiality and Protective Order shall be construed as requiring the Party who is ordered to produce such Confidential, Export Controlled, or Attorneys' Eyes Only Information to challenge or appeal any order requiring the production of such Confidential, Export Controlled, or Attorneys' Eyes Only Information or to subject himself/herself to any penalty for noncompliance with any legal process or seek any relief from the Court.

18.    No Effect on Other Rights. This Order shall in no way abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any Party with respect to Confidential, Export Controlled, or Attorneys' Eyes Only Information.

19.    Modification. In the event any Party hereto seeks a Court order to modify the terms of this Order, said Party shall make such request by written stipulation or noticed motion to all Parties that must be served and filed in accordance with local court rules.

20.    Handling upon Conclusion of Litigation. All Parties, counsel, and persons to whom disclosure was made are ordered to return all Confidential, Export Controlled, or Attorneys' Eyes Only Information to the designating Party within 90 days of the conclusion of litigation. In addition, counsel shall certify in writing that all such Confidential, Export Controlled, or Attorneys' Eyes Only Information has been returned. Counsel for each Party also shall contact each person to whom that Party has provided a copy of any Confidential, Export Controlled, or Attorneys' Eyes Only Information and request the documents be returned. In lieu of returning Confidential, Export Controlled, or Attorneys' Eyes Only Information, the person or Party in possession of such Confidential, Export Controlled, or Attorneys' Eyes Only Information may elect to destroy it. If the person or Party in possession of

250917219v.1

Confidential, Export Controlled, or Attorneys' Eyes Only Information elects to destroy it rather than return it, that person or Party must notify the designating Party in writing of the destruction of the Confidential, Export Controlled, or Attorneys' Eyes Only Information within 90 days of the conclusion of litigation. This provision shall not prevent counsel of record from retaining archival copies of all pleadings, motion papers, deposition and hearing transcripts, legal memoranda, correspondence, hearing exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED March 18, 2021.        **Panish Shea & Boyle LLP**

                             */s/ Kevin R. Boyle*
                             Kevin R. Boyle
                             Jesse M. Creed
                             Matthew J. Stumpf
                             *Attorneys for Plaintiffs*


DATED March 18, 2021.        **Wilson Elser Moskowitz Edelman & Dicker LLP**

                             */s/ David A. Frank II*
                             William J. Katt
                             Patrick J. Kearns
                             John P. Loringer
                             Gregory K. Lee
                             David A. Frank II
                             *Attorneys for Defendant Lockheed Martin Company*

1

2    DATED March 18, 2021.                **Perkins Coie LLP**

3                                          */s/ Jeffery S. Clackley*
4                                          Ronald A. McIntire
5                                          Max L. Rothman
                                           Michael Scoville
6                                          Jeffery S. Clackley
7                                          *Attorneys for Defendant The Boeing*
                                           *Company*
8

9    **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

10

11        DATED this __19th__ day of ____March____, 2021.

12

13

14                                         _____
15                                         The Honorable Shashi H. Kewalramani
                                           United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN BURKE, an individual and personal representative of the Estate of Kevin Burke, and GARY BURKE, an individual<br><br>             Plaintiffs,<br><br>    v.<br><br>LOCKHEED MARTIN COMPANY, a corporation; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No.  5:20-cv-01647-RGK-SHK<br><br>**EXHIBIT A**<br><br>**DECLARATION OF**<br><br>**REGARDING PROTECTIVE ORDER** |

/ / /

/ / /

**DECLARATION OF _____ REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.    My home address is

_____

_____.

2.    My present employer is _____

and the address of my present employer is

_____

_____.

3.    I have received a copy of the Protective Order entered in this litigation.

4.    I have carefully read and understand the provisions of the Protective Order. I agree to comply with all of the provisions of the Protective Order and not to reveal or otherwise communicate to anyone any of the documents, materials or information that is designated "Confidential Information", "Export Controlled

250917219v.1

Information", or "Attorneys' Eyes Only Information" and that is disclosed to me, except in accordance with the terms of said Protective Order. I further agree not to make use of any documents, information or materials designated as Confidential Information, Export Controlled Information, or Attorneys' Eyes Only pursuant to the Protective Order other than for the purpose of this litigation.

5.    I will hold in confidence and not disclose to anyone, other than the persons entitled to receive such information under paragraphs 7.1, 8.1, or 9.1 of the Protective Order as applicable, all documents, information or other materials designated as Confidential Information, Export Controlled Information, or Attorneys' Eyes Only Information (including summaries, notes, abstracts, indices or copies of such Confidential Information, Export Controlled Information, or Attorneys' Eyes Only Information) that is disclosed to me.

6.    I also agree to destroy or return to counsel of record not later than thirty (30) days after the termination of this litigation all Confidential, Export Controlled, and/or Attorneys' Eyes Only Information and summaries, notes, abstracts, indices or copies of such Confidential, Export Controlled, and/or Attorneys' Eyes Only Information, which come into my possession, and documents or things which I have prepared relating thereto.

7.    I hereby expressly submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the Protective Order, including any contempt of court proceeding.

250917219v.1

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____, _____, _____, 20___.


_____

Signature


_____

Printed Name

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

COLLEEN BURKE, an individual and personal representative of the Estate of Kevin Burke, and GARY BURKE, an individual

Plaintiffs,

v.

LOCKHEED MARTIN COMPANY, a corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No.  5:20-cv-01647-RGK-SHK

**EXHIBIT B**

**NON-DISCLOSURE AGREEMENT OF**

_____

/ / /

/ / /

**NON-DISCLOSURE AGREEMENT OF** _____

1. _____ acknowledges and understands that Export Controlled Information, as that term is defined by the Protective Order and the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq. and/or the International Traffic in Arm Regulations ("ITAR"), 22 C.F.R. §§ 120, et seq., provided to it in the matter of "*Burke, et al. v. Lockheed Martin Company, et al.*" Case No. 5:20-cv-01647-RGK-SHK, pending in the U.S. District Court for the Central District of California, is subject to export control under the EAR, 15 C.F.R. §§ 730 *et seq*. and/or ITAR, 22 C.F.R. §§ 120, *et seq*.

2. _____ hereby certifies that no attorney of, employee of, or expert retained by it in this matter will knowingly disclose, export, or transfer, in any manner, such Export Controlled Information to any non-U.S. Person, and will not transport or cause to be transported any such Export Controlled

250917219v.1

Information outside the territory of the United States, without prior written approval of the Bureau of Industry and Security, United States Department of State, or other appropriate U.S. government department or agency.

3.     Any     Export     Controlled     Information     disclosed     to _____ in this matter will be used only for the purposes of litigation in the above-referenced case.

4.     The attorneys and employees of _____ who have access to such Export Controlled Information will be limited to U.S. Persons.

5.     _____     understands     that     U.S.     laws     and regulations contain provisions for civil fines and administrative penalties for violation of any provision of the EAR or ITAR and for criminal fines and/or imprisonment for the willful violation of the EAR or ITAR.


ON BEHALF OF _____

By: _____

Title: _____

Date: _____

*Burke v. Lockheed Martin Company, et al.*
Central District of California Case No. 5:20-cv-01647-RGK-SHK

## PROOF OF SERVICE

I, the undersigned, am employed in the county of Milwaukee, State of Wisconsin. I am over the age of 18 and not a party to the within action; my business address is 740 North Plankinton Avenue, Suite 600, Milwaukee, Wisconsin, 53203.

On March 18, 2021, I caused to be served the following document(s) described as follows:

**Stipulated Protective Order**

on the parties in this action by placing a true copy in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **PERSONAL SERVICE** - I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below, and providing them to a professional messenger service for service. (A confirmation by the messenger will be provided to our office after the documents have been delivered.)

☐ **BY MAIL** - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX** - As follows: I personally sent to the addressee's telecopier number a true copy of the above-described documents. Thereafter I sent a true copy in a sealed envelope addressed and mailed as indicated below.

☒ **BY ELECTRONIC TRANSMISSION VIA ECF** – I electronically filed the foregoing document(s) with the Clerk of the Court through the CM/ECF system for the United States District Court, Central District of California, which sent Notification of Electronic Filing to the persons listed. Upon completion of transmission of said documents, a certified receipt is issued to the filing party acknowledging receipt by the CM/ECF system.

Executed on March 18, 2021, at Milwaukee, Wisconsin. I declare under penalty of perjury under the laws of the State of Wisconsin that the above is true and correct.

*/s/ Kelly A. Wicinski*
Kelly A. Wicinski

250917219v.1

*Burke v. Lockheed Martin Company, et al.*
Central District of California Case No. 5:20-cv-01647-RGK-SHK

## PROOF OF SERVICE
### SERVICE LIST

| | |
|---|---|
| Kevin Boyle, Esq.<br>Jesse Max Creed, Esq.<br>Matthew J. Stumpf, Esq.<br>PANISH SHEA & BOYLE<br>11111 Santa Monica Boulevard<br>Suite 700<br>Los Angeles, CA 90025<br>Telephone: (760) 330-3320<br>Fax:  (760) 295-8619<br>boyle@pbslaw.com;<br>creed@pbslaw.com;<br>stumpf@pbslaw.com | Attorneys for Plaintiffs |
| Ronald McIntire, Esq.<br>Max L. Rothman, Esq.<br>PERKINS COIE LLP<br>1888 Century Park East, Suite 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 788-9900<br>Fax: (310) 788-3399<br>RMcIntire@perkincoie.com<br>MRothman@perkincoie.com | Attorneys Defendant, The Boeing Company |
| Michael S. Scoville Esq.<br>Jeffery S. Clackley, Esq.<br>PERKINS COIE, LLP<br>1201 Third Avenue, 49th Floor<br>Seattle, WA 98101<br>Telephone: (206) 359-3124<br>Fax: (206) 359-9000<br>MScolville@perkinscoie.com<br>JClackey@perkinscoie.com | Attorneys Defendant, The Boeing Company |
| Kevin R. Sutherland, Esq.<br>Christian Johnson, Esq.<br>Autumn Lewis. Esq.<br>CLYDE & CO<br>Four Embarcadero Center, Suite 1350<br>San Francisco, CA 94111<br>T: (415) 365-9800<br>F:  (415) 365-9801<br>Kevin.Sutherland@clydeco.us<br>Christian.Johnson@clydeco.us<br>Autumn.Lewis@clydeco.us | Attorneys for Defendant, EFW, Inc.<br><br>(SERVED VIA E-MAIL ONLY) |

250917219v.1